IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Don Boyd,<br><br>                   Plaintiff,<br><br>vs.<br><br>KLLM Transport Services Inc.; Wells Marble & Hurst, PLLC; Roy H. Liddell; Kevin A. Rogers; Southeastern Training Centers, Inc.; Daniel Coker Horton & Bell, PA; J. Wyatt Hazard; Carolyn Curry Satcher; J.T. Robinson; David L. Redd; W. Stan Sullivan; Doe Clerk One, Doe Clerk Two; Doe Clerk Three; The United States of America (United States District Court for the Western District of Louisiana); The United States of America (United States District Court of Mississippi); The United States of America (United States Court of Appeals for the Fifth Circuit),<br><br>                   Defendants. | C/A No. 3:10-3208-JFA-PJG<br><br><br><br>**REPORT AND<br>RECOMMENDATION** |

The plaintiff, Don Boyd, ("Plaintiff"), proceeding *pro se*, appears to bring this action pursuant to this court's diversity jurisdiction. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Estelle v. Gamble, 429 U.S. 97 (1976); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir.).



The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d at 1151, and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated

liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

In this case, Plaintiff attempts to recover for what he asserts is legally actionable behavior on the part of litigants, attorneys, and court personnel which caused Plaintiff to lose cases filed in Defendant District Courts and the Fifth Circuit Court of Appeals. He claims that the parties, attorneys, judges, and court personnel took part in a "kangaroo court" conspiracy to prevent him from prevailing in cases before the U.S. District Court for the Western District of Louisiana, the U.S. District Court for the Southern District of Mississippi, and the U.S. Court of Appeals for the Fifth Circuit. In terms of relief, Plaintiff requests "limitations relief, leave to resume or prosecute original claims at my option," in addition to monetary damages in the amount of thirty-two million dollars ($32,000,000.00). (See generally Compl., ECF No. 1.)

## DISCUSSION

Essentially, Plaintiff is asking this court to sit as an appellate court to judge decisions made by the Fifth Circuit and other district courts. This court enjoys no such jurisdiction.

It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, <u>Willy v. Coastal Corp.</u>, 503 U.S. 131, 136-37 (1992); <u>Bender v. Williamsport Area School Dist.</u>, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, <u>American Fire & Cas. Co. v. Finn</u>, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, <u>Turner v. Bank of N. Am.</u>, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, <u>McNutt v. Gen. Motors Acceptance Corp.</u>, 298 U.S. 178, 182-83 (1936). Plaintiff has made no argument that this court does in fact have such appellate jurisdiction.

Final decisions of district courts are appealable in the courts of appeals. 28 U.S.C. § 1291. Specifically, final decisions in the Southern District of Mississippi and the Western District of Louisiana are appealed to the Fifth Circuit. 28 U.S.C. § 1294(1). Cases in the Fifth Circuit are reviewed in the U.S. Supreme Court. 28 U.S.C. § 1254.

Even if the Complaint made a claim for relief that this court could grant, the defendants are not amenable to suit. While Plaintiff lists the three aforementioned courts as defendants in the Complaint heading, he makes clear in the body of the Complaint that his intended defendants are the judges of these courts.

The unnamed federal district and Fifth Circuit judges are absolutely immune from suit. These judges enjoy absolute immunity from a claim for damages arising out of their judicial actions. See <u>Mireles v. Waco</u>, 502 U.S. 9 (1991); <u>Stump v. Sparkman</u>, 435 U.S. 349, 351-64 (1978); <u>Pressly v. Gregory</u>, 831 F.2d 514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates); <u>Chu v. Griffith</u>, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his



judicial actions"); see also Siegert v. Gilley, 500 U.S. 226, 231 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").  As these judges were acting in their judicial capacity when they issued the orders with which Plaintiff takes issue, they are immune from suit in the above-captioned civil rights action and are entitled to summary dismissal from this case.

Similarly, an action cannot be maintained against unnamed defendants Doe Clerk One, Doe Clerk Two, and Doe Clerk Three.  The doctrine of quasi-judicial immunity protects these defendants from the kind of claims asserted in this case.  The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel such as defendant clerks because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]' " Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992) (quoting Scruggs v. Moellering, 870 F.2d 376, 377 (7th Cir. 1989)); see Ashbrook v. Hoffman, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel); Cook v. Smith, 812 F. Supp. 561, 562 (E.D. Pa. 1993); Mourat v. Common Pleas Court of Lehigh Cnty., 515 F. Supp. 1074, 1076 (E.D. Pa. 1981).  In Mourat v. Common Pleas Court of Lehigh County, the district court, in a bench ruling, rejected claims similar to those raised by the *pro se* Plaintiff in the case *sub judice*:

> In the 'recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune.'  We have here quoted from Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969).  If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court.  See Zimmerman v. Spears, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); Davis v.



Quarter Sessions Court, 361 F. Supp. 720, 722 (E.D.Pa.1973); Ginsburg v. Stern, 125 F. Supp. 596 (W.D. Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

515 F. Supp. at 1076; see also Steinpreis v. Shook, 377 F.2d 282 (4th Cir. 1967) (court clerks who issued summons performed their duties under rules of court having effect of law, and are therefore not liable to plaintiffs for their acts).

The alleged wrongdoing by defendant court clerks alleged by Plaintiff all involves orders and other documents issued by federal district courts and the Fifth Circuit. In their capacity as clerks of court, these defendants were responsible for issuing certain orders which favored Plaintiff's opponents in past litigation. All of Plaintiff's present contentions about constitutional violations by defendant clerks arise from defendants' judicially related activities in connection with this litigation. As a result, Plaintiff cannot recover damages or other relief from defendant clerks because of their performance of employment duties. As clerks of court, defendant clerks are entitled to quasi-judicial immunity over Plaintiff's claims in this case.

The attorneys and law firms named in this suit are not amenable to suit. Plaintiff names as defendants the law firms Wells Marble & Hurst, PLLC, and Daniel Coker Horton & Bell, PA, and names individual attorneys Roy H. Liddell, Kevin A. Rogers, J. Wyatt Hazard, and Carolyn Curry Satcher. Plaintiff has made vague constitutional allegations, but has not stated a claim for relief under 42 U.S.C. § 1983. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil

action brought under 42 U.S.C. § 1983.  See Polk Cnty. v. Dodson, 454 U.S. 312, 317-24 & nn.8-16 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney).

By the same reasoning, the defendants KLLM Transport Services Inc., and Southeastern Training Centers, Inc., and the individuals J.T. Robinson, David L. Redd, and W. Stan Sullivan (who are allegedly employees of these companies) are not amenable to suit because there is no allegation made, nor is there any reason for this Court to conclude, that the actions of these companies and individuals constitute state action. Absent state action, a suit pursuant to § 1983 cannot proceed against these companies and individuals.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in this case be dismissed without prejudice and without issuance and service of process. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); see also Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 7, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).