IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Don Boyd, | ) | C/A No.:  3:10-3208-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| KLLM Transport Services Inc.; Wells Marble & Hurst, PLLC; Roy H. Liddell; Kevin A. Rogers; Southeastern Training Centers, Inc.; Daniel Coker Horton & Bell, PA; J. Wyatt Hazard; Carolyn Curry Satcher; J.T. Robinson; David L. Redd; W. Stan Sullivan; Doe Clerk One; Doe Clerk Two; Doe Clerk Three; The United States of America (United States District Court for the Western District of Louisiana); The United States of America (United States District Court of Mississippi); The United States of America (United States Court of Appeals for the Fifth Circuit), | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

The *pro se* plaintiff, Don Boyd, appears to bring this action pursuant to this court's diversity jurisdiction. The plaintiff asserts Judges and clerks operate "kangaroo courts" in order to insulate "deep pockets." He also claims that various judicial actors conspired to defeat the plaintiff in cases before the U.S. District Court for the Western District of Louisiana, the U.S. District Court for the Southern District of Mississippi, and the U.S. Court of Appeals for the Fifth Circuit. Plaintiff is requesting $32,000,000 in monetary damages for violations of his constitutional rights.

1

This matter is before the court for review of the Magistrate Judge's Report and Recommendation (the "Report"). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation. The Report recommends that the action should be summarily dismissed without prejudice and without issuance and service of process for the plaintiff's failure to state a claim upon which relief may be granted.

The plaintiff was advised of his right to submit objections to the Report, which was filed on February 8, 2011. Plaintiff filed late objections on March 4, 2011 (ECF No. 12).

## I.     Legal Standard

The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## II.    Discussion

In his objections, the plaintiff claims he was without a working printer, without a car, and the University of South Carolina law library was operating under limited holiday hours.

Therefore, according to the plaintiff, the Magistrate Judge knew he would be unable to timely file his objections. However, the plaintiff did not request an extension of time to file them. He also claims that the Report should be rejected and he should be given an extension for ambiguous service. However, even with the 3-day extension for mailed service under Rule 6(d) of the Federal Rules of Civil Procedure, the plaintiff's objections are untimely. Even though they were not timely filed, the court will address the objections on their merits.

Although the petitioner, as a *pro se* litigant, is entitled to some deference by the judicial system (*see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972)), he nonetheless is required to adhere to the court's orders regarding the timely filing of documents, and he must respect this court's orders so that fairness to all litigants and an effective judicial administration is maintained. *See Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir.1989). The instructions for filing objections were clearly printed on the last page of the Report and Recommendation.

The Magistrate correctly concludes that this court cannot provide the plaintiff with the relief he is seeking. The plaintiff is asking this court to sit as an appellate court over decisions made by other district courts and the Fifth Circuit Court of Appeals. The plaintiff's proper course of action would be to appeal the decisions of those courts instead of bringing a new lawsuit in South Carolina.

The Magistrate also correctly points out the reasons why the plaintiff cannot seek relief against these particular defendants. The unnamed federal district judges the plaintiff complains of are absolutely immune to suit. *See Mireles v. Waco*, 502 U.S. 9 (1991). The

unnamed defendants Doe Clerk One, Doe Clerk Two, and Doe Clerk Three are protected by quasi-judicial immunity, which protects court personnel from the types of claims alleged by the plaintiff. The attorneys and law firms named in the suit are not amenable to suit because attorneys do not act under color of state law, which is a jurisdictional prerequisite for a civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976). Finally, the plaintiff has failed to allege any cause of action against KLLM Transport Services, Inc., Southeastern Training Centers, Inc., J.T. Robinson, David L. Redd, and W. Stan Sullivan, nor has the plaintiff shown that these parties' actions constitute state action.

The plaintiff objects to the Magistrate's summary of his complaint because the "Magistrate mischaracterizes or under-characterizes Complaint allegations." (ECF No. 12). The plaintiff asserts that the Magistrate, and not the plaintiff, stated that the plaintiff requested appellate review. The complaint is difficult to follow, but it clearly states that he requests "leave to resume or prosecute original claims at [his] option." This court does not have such appellate jurisdiction. The remainder of the plaintiff's objections are conclusory and need not be addressed.

### III.     Conclusion

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this

Report by specific reference.

    Accordingly, this action is dismissed without prejudice and without service of process.

    IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

August 12, 2011                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge